UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIZON MASTER PARTICIPATION TRUST 1, U.S. BANK TRUST NATIONAL ASSOCIATION, AS OWNER TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>SATICOY BAY LLC SERIES 8920 EL DIABLO, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-00751-JCM-VCF<br><br>ORDER |

Presently before the court is plaintiff Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee's ("Elizon") motion to amend its amended complaint. (ECF No. 26). No opposition to this motion has been filed. Also before this court is cross-defendant Hampton & Hampton Collections LLC's ("H&H") motion for summary judgment against cross-claimant Silverstone Ranch Community Association ("Silverstone"). (ECF No. 29). Silverstone filed a response (ECF No. 32), but H&H did not enter a reply.

**I.    Motion to amend the first amended complaint**

   *a.    Legal standard*

Federal Rule of Civil Procedure 15(a)(2) states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Moreover, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Indeed, "this determination should be performed with all inferences in favor of granting the motion." *Id.* "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973).

        *b.*      *Analysis*

Plaintiff states that the proposed second amended complaint will "add[] a cause of action for misrepresentation based on acceptance of the payment of the super-priority portion of the lien. It also alleges additional facts related to all of Elizon's causes of action." (ECF No. 26 at 5–6). Plaintiff also asserts that it offers the new complaint in order to "streamlin[e] adjudication of common facts and related issues." (*Id.*).

In light of these assertions, the lack of opposition, and upon the court's review of the proposed second amended complaint, the grant will grant this motion. Plaintiff must file its new complaint within seven days of the date of this order.

**II.    Motion for summary judgment**

Next, this court considers H&H's motion for summary judgment as to some of Silverstone's crossclaims. (ECF No. 29).

        *a.*      *Legal standard*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When

the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

    b.  *Analysis*

As an initial matter, this court declines to grant H&H's motion as to the "indemnity and contribution" claims on its first asserted theory, which ultimately depends on the merits of plaintiff's first amended complaint: "If there is no basis for tort liability, there is obviously no basis for indemnity or contribution—there is simply nothing to indemnify or contribute." (ECF No. 29 at 7). The court is not persuaded by this hypothetical argument in the context of the instant motion. *See In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 377 n.2 (9th Cir. 1995) (disfavoring hypothetical argument).

Additionally, H&H's discussion of contribution that is separate from its hypothetical argument is too sparse to surmount its initial burden under summary judgment. *See Adickes*, 398 U.S. at 159–60; *see also* (ECF No. 29) ("Nor is this an instance in which the Association should be entitled to contribution, given these undisputed facts.").

H&H argues that the claim of implied indemnity is not viable under state law. (ECF No. 29). In fact, H&H argues that it should not be held liable to Silverstone for its actions relating to the collection of Silverstone's outstanding debt—done at Silverstone's direction. (*Id.*). Further, H&H contests that there is neither an operative express indemnity agreement nor a "legal basis for implied indemnity." (ECF No. 29 at 3).

H&H posits that Silverstone has not satisfied the elements of equitable indemnity, as outlined in *Rodriguez v. Primadonna*, 216 P.3d 793, 801 (Nev. 2009). (ECF No. 29). Indeed, H&H discusses how it acted at the behest of Silverstone. (*Id.*). Therefore, H&H has surmounted its burden on summary judgment as to this claim by providing evidence that it was acting as Silverstone's agent. (*Id.*).

Silverstone, in response, concedes that there is no operative written agreement that would serve as the basis of its express indemnity claim, but it otherwise asserts that H&H has failed its burden under summary judgment because it has not shown that, among others, an equitable claim does not exist. (ECF No. 32). Because Silverstone's fourth claim for relief is explicitly based on an "agreement [that] included a provision mandating that [H&H] indemnify . . . S[ilverstone]," this court will grant summary judgment for H&H as to the fourth claim in the third-party complaint. (ECF No. 27 at 12).

In its defense regarding the equitable indemnity claim, Silverstone asserts that the foreclosure deed "does not appear to be accompanied by a power of attorney as required by NRS 162A.480(2)," and therefore a dispute exists as to whether H&H was acting as Silverstone's agent. (ECF No. 32). However, Silverstone fails to discuss how this statute would apply to H&H's offered exhibits that appear to establish an agency relationship before the underlying conveyance. (*Id.*); *see* (ECF Nos. 29-2–29-7); *see also* (ECF No. 3) (alleging relevant pre-sale facts).

Moreover, Silverstone does not reconcile this argument with the terms of its crossclaim,

4

which states: "The claims alleged by E[lizon] in the underlying action involve [H&H's] actions arising out of and connected with the performance of [H&H's] obligations pursuant to agreement entered into by each of them with S[ilverstone]."  (ECF No. 27 at 10); *see also* (ECF No. 3).  Silverstone's argument also does not address H&H's additional evidence that appears sufficient—on its own—to support the conclusion that an agency relationship existed between these parties with respect to the pre-sale events discussed in Elizon's first amended complaint.  Accordingly, summary judgment will be granted in favor of H&H as to Silverstone's equitable indemnity claim.

### III.  Conclusion

In sum, this court will grant plaintiff's motion to amend the operative complaint.  Next, H&H's motion for summary judgment against Silverstone will succeed as to the latter party's express and implied indemnity claims but will fail as to the contribution claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend the operative complaint (ECF No. 26) be, and the same hereby is, GRANTED.  Plaintiff shall file its second amended complaint within seven (7) days of the date of this order.

IT IS FURTHER ORDERED that H&H's motion for summary judgment against Silverstone's third-party complaint (ECF No. 29) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

DATED THIS 24th day of February, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE