UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIZON MASTER PARTICIPATION TRUST 1, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>SATICOY BAY LLC SERIES 8920 EL DIABLO, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-751 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Hampton & Hampton Collections LLC's ("H&H") motion for summary judgment. (ECF No. 10). Plaintiff Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee ("Elizon") filed a response (ECF No. 22), to which H&H replied (ECF No. 25).

**I.    Facts**

This case involves a dispute over real property located at 8920 El Diablo Street, Las Vegas, Nevada 89131 (the "property"). (ECF No. 3).

On January 13, 2012, Ralph and Rebecca Lake obtained a loan in the amount of $149,121 from Bank of America, N.A. and purchased the property. (*Id.*). The deed of trust was executed with Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary. (*Id.*).

The deed of trust was assigned to Bank of America from MERS via an assignment deed of trust. (*Id.*). On July 19, 2013, a second assignment deed of trust was recorded in which Bank of America conveyed the same to Nationstar Mortgage LLC. (*Id.*). Then, on September 3, 2014, a third recorded assignment deed of trust conveyed that interest to the Secretary of Housing and Urban Development. (*Id.*). That same day the Secretary of Housing and Urban Development

**James C. Mahan**
**U.S. District Judge**

conveyed the interest to Elizon Master Participation Trust I via a fourth assignment deed of trust. (*Id.*). Also on September 3, 2014, Elizon Master Participation Trust I conveyed the property to Elizon, with U.S. Bank ("the HOA trustee") serving as the owner trustee. (*Id.*).

On January 30, 2013, the HOA trustee recorded a notice of default and election to sell the property, on behalf of the HOA. (*Id.*). On March 12, 2013, MERS, through its previous counsel, requested a superpriority lien payoff demand and an account ledger from the HOA trustee. (*Id.*).

The HOA trustee sent MERS a ledger that had the total amount but did not specify the superpriority portion. (*Id.*). Because the ledger did not provide the superpriority portion, MERS, and its counsel, calculated nine-months' worth of assessments, which totaled to $509.85. (*Id.*). On May 3, 2013, the HOA trustee accepted that tender. (*Id.*).

On September 9, 2013, the HOA trustee, on behalf of the HOA, recorded a second notice of default and election to sell property. (*Id.*). The property was ultimately sold to Saticoy Bay LLC Series 8920 El Diablo on July 30, 2014. (*Id.*).

As it relates to the present defendant, the complaint asserts the follow causes of action: (1) unjust enrichment; (2) wrongful foreclosure; (3) negligence; and (4) negligence *per se*. (ECF No. 3). The court will consider these claims in turn.

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.    Discussion**

Section 38.310 of the Nevada Revised Statutes ("NRS") provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1."[1] Nev. Rev. Stat. § 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." NRS 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).

There is no indication on the record that the Nevada Real Estate Division's ("NRED") mandatory mediation has been completed. Thus, unless NRED appoints a mediator or the parties agree on one, plaintiff's claims—those that are subject to NRS 38.310—are unexhausted under state law.[2] This court now considers the applicability of this statutory scheme to plaintiff's claims of unjust enrichment, wrongful foreclosure, negligence, and negligence *per se* against the instant defendant.

a. *Unjust enrichment*

"Unjust enrichment is the 'unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Galvan v. J.C.H. Enters., Inc.*, 2011 WL 4501083, No. 2:11-cv-00307-RLH-GWF, at *3 (D. Nev. Sept. 27, 2011) (quoting *Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995)). To state a valid claim for unjust enrichment, a plaintiff must

---

[1] NRS 38.300 defines a "civil action" as "an action for money damages or equitable relief." Nev. Rev. Stat. § 38.300.

[2] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. *See* Nev. Rev. Stat. § 38.350.

James C. Mahan
U.S. District Judge

- 4 -

allege three elements: (1) plaintiff conferred a benefit on defendant; (2) defendant appreciated such benefit; and (3) defendant accepted and retained the benefit. *Id.* (citing *Topaz Mutual Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992)).

Regarding this claim, plaintiff requests "general and special damages" as a result of "Defendants['] . . . benefit[] from the unlawful HOA Sale and nature of the real property." (ECF No. 3 at 13). In the circumstances of this case, it appears that the sale resulted from the alleged failure to satisfy HOA assessment liabilities. (*Id.*). Thus, to consider this claim, the court will need to examine the applicable covenants, conditions or restrictions ("CC&Rs"). Accordingly, NRED mediation is required for this claim. *See McKnight Family, L.L.P.*, 310 P.3d at 559.

### b. Wrongful foreclosure

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting ["CC&Rs"] applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* More applicable here, NRS 38.310 also applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Here, it is clear that the court must consider the underlying CC&Rs for when adjudicating this claim too, particularly in light of plaintiff's allegation that "[t]he HOA assessment lien and foreclosure notices included improper fees and costs in the amount demanded, and thus, the HOA Sale was wrongfully conducted and should be set aside." (ECF No. 3 at 14). Therefore, mediation must occur before the court considers this claim.

### c. Negligence

Plaintiff's negligence claim is also subject to NRS 38.310's mediation requirement. A plaintiff must establish four elements to succeed on a negligence claim: (1) a duty of care; (2) a

breach of that duty; (3) causation; and (4) damages. *Turner v. Mandalay Sport Entm't*, 180 P.3d 1172, 1175 (Nev. 2008).

In support of its claim, plaintiff alleges, *inter alia*, that "[t]he HOA and HOA Trustee breached their duty by accepting the tendered super-priority lien amount yet proceeding with the HOA Sale on the super-priority lien." (ECF No. 3 at 15). In order to adequately assess what duties were owed to plaintiff, the court must evaluate the underlying CC&Rs. Therefore, this claim is subject to the mediation requirement and will be dismissed. *See McKnight Family, L.L.P.*, 310 P.3d at 559.

    *d. Negligence* per se

A plaintiff establishes a negligence *per se* claim by showing that a statute creates a duty and that a violation of that statute constitutes a breach. *See Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1015 (Nev. 1983). The plaintiff must then show that the violation of the statute caused the damages that he or she is alleging. *See Ashwood v. Clark Cnty.*, 930 P.2d 740, 744 (Nev. 1997) ("A violation of statute establishes [only] the duty and breach elements of negligence . . . ."). The duty and breach elements of negligence may be established under negligence *per se* only if the injured party is of the class of people that the statute intended to protect and the alleged injury was of the variety that the statute intended to address. *Id.*

For this claim, plaintiff asserts, in relation to defendant's acceptance of the offered super-priority lien and the subsequent property sale, that "[i]f Elizon is found to have lost its first secured interest in the Property, it was the direct and proximate result of the HOA and HOA Trustee's breaches of their statutory duties, and Elizon has thereby suffered general and special damages." (ECF No. 3 at 15).

Therefore, this claim is a "civil action" under NRS 38.300 and is subject to mediation under NRS 38.310. Nev. Rev. Stat. § 38.300; *see McKnight Family, L.L.P.*, 310 P.3d at 558.

    **IV.    Conclusion**

In sum, defendant is not entitled to summary judgment on plaintiff's claims against it, but those claims will be dismissed for lack of mediation.

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (ECF No. 10) be, and the same hereby is, DENIED, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's claims of unjust enrichment, wrongful foreclosure, negligence, and negligence *per se* be, and the same hereby are, DISMISSED as unexhausted.

DATED March 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**